UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

In re:

Willowood USA Holdings, LLC, *et al.*
EIN: 81-0829193,

Debtors.[1]

Case No. 19-11079-KHT

Chapter 11

### ORDER GRANTING DEBTORS' MOTION FOR AN ORDER AUTHORIZING THEM TO PAY PREPETITION EMPLOYEE WAGES, BENEFITS, BUSINESS EXPENSES AND RELATED ITEMS

THIS MATTER is before the Court on the Debtors' motion (the "**Motion**")[2] for entry of an order, pursuant to sections 105(a), 363, 507(a)(4), 507(a)(5), 541(b)(7) and 541(d) of title 11 of the United States Code (the "**Bankruptcy Code**"): (i) authorizing the Debtors to pay (a) prepetition wages, salaries, overtime pay, contractual compensation, commissions, sick pay, vacation pay and other accrued compensation, as well as related Withholdings and Deductions (as such terms are defined below) (collectively, the "**Prepetition Compensation**"); (b) unreimbursed prepetition business expenses (collectively, the "**Prepetition Business Expenses**"), (c) prepetition contributions to, and benefits under, employee benefit plans (collectively, the "**Prepetition Benefits**") and (d) all costs and expenses incident to the foregoing payments and contributions (including payroll-related taxes and processing costs); and (ii) granting certain related relief. The Court having reviewed the Motion and good cause appearing therefor, THE COURT ORDERS:

1. The Motion is granted.

2. The Debtors are authorized, in the Debtors' sole discretion, to pay the Prepetition Compensation, Prepetition Business Expenses, Prepetition Benefits and Prepetition Processing Costs that accrued but remained unpaid as of the Petition Date, in an aggregate amount not to exceed $55,701.65.

3. Notwithstanding any other provision of this Order, no payments to any individual employee shall exceed the amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

4. Notwithstanding any other provision of this Order, no payments which violate section 503(c) of the Bankruptcy Code shall be made, except upon further order of this Court

---

[1] The Debtors in these chapter 11 cases, and the last four digits of their employer identification numbers, where applicable, are: Willowood USA Holdings, LLC (9193), Willowood USA, LLC (7337), Willowood, LLC, RightLine LLC (1429), Greenfields Holdings, LLC (5326), Greenfields Marketing Ltd. The Debtors' corporate headquarters is located at 1350 17th Street, Suite 206 Denver, Colorado 80202.

[2] Capitalized terms used but not defined herein shall have the meaning provided in the Motion.

5.    The Banks are authorized and directed, when requested by the Debtors, to receive, process, honor and pay all checks presented for payment of, and to honor all funds transfer requests made by the Debtors related to, Prepetition Compensation, Prepetition Business Expenses, Prepetition Benefits, and Prepetition Processing Costs, whether such checks were presented or funds transfer requests were submitted prior to or after the Petition Date, provided that funds are available in the Debtors' accounts to cover such checks and funds transfers. The Banks are authorized to rely on the Debtors' designation of any particular check or funds transfer as approved by this Order.

6.    Nothing in the Motion or this Order, nor the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim is a claim for Prepetition Compensation, Prepetition Business Expenses, Prepetition Benefits, or Prepetition Processing Costs; or (v) the assumption of any contract.

7.    Notwithstanding anything to the contrary in this Order, any payment made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any debtor-in-possession financing and/or cash collateral order.

8.    The requirements of Bankruptcy Rule 6003(b) have been satisfied with respect to the payments authorized by this Order.

9.    This Order shall be immediately effective and enforceable upon its entry. To the extent that it may be applicable, the fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

DATED:  March 5, 2019.

BY THE COURT:

*Kimberley H Th—*

The Honorable Kimberley H. Tyson
United States Bankruptcy Judge