**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re:<br><br>Willowood USA Holdings, LLC, *et al.*<br>EIN: 81-0829193,<br><br>        Debtors.[1] | Case No. 19-11079-KHT<br><br>Chapter 11 |

**ORDER AUTHORIZING, BUT NOT DIRECTING, PAYMENT OF CRITICAL
VENDOR CLAIMS IN ORDINARY COURSE OF BUSINESS**

This matter having come before the Court on the Debtors' Second Motion for Entry of Order Authorizing, but Not Directing, Payment of Critical Vendor Claims in Ordinary Course of Business (the "**Motion**"),[2] and the Court having considered the Motion, finding cause for granting the requested relief, and finding that no prejudice will exist in granting the Motion, it is HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      Absent further order of the Court, the Debtors are authorized to pay, or cause to be paid, Critical Vendor Claims as reflected on **Exhibit A** attached hereto.

3.      The total payments for Critical Vendor Claims shall not exceed **$87,201.92** (the "**Critical Vendor Cap**"), absent further order of this Court.

4.      The Debtors are authorized, but not directed, to condition payment of Critical Vendor Claims upon entry into trade agreements (a "**Trade Agreement**") in the exercise of their reasonable business judgment.

---

[1] The Debtors in these chapter 11 cases, and the last four digits of their employer identification numbers, where applicable, are: Willowood USA Holdings, LLC (9193), Willowood USA, LLC (7337), Willowood, LLC, RightLine LLC (1429), Greenfields Holdings, LLC (5326), Greenfields Marketing Ltd.  The Debtors' corporate headquarters is located at 1350 17th Street, Suite 206 Denver, Colorado 80202.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

5.      If any party accepts payment pursuant to the relief requested by this Order and thereafter does not continue to provide goods or services on customary trade terms (regardless of whether a Trade Agreement has been executed), and subject to any Trade Agreement that may be executed or otherwise agreed by the Debtors: (i) such payment may be deemed by the Debtors to be an improper postpetition transfer on account of a prepetition claim, and therefore such payment will be immediately recoverable by the Debtors in cash upon written request; (ii) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made and the deadline for a Critical Vendor to file a reinstated claim will be the later of (x) the general bar date established by order of the Court or (y) thirty (30) days after the Debtors provide written notice to the Critical Vendor of the reinstatement of its claim; and (iii) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may elect to recharacterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such supplier or vendor will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, recoupments, claims, provisions for payment of any claims, or otherwise.

6.      Each of the banks at which the Debtors maintain their accounts relating to the payment of the obligations described in the Motion are authorized to (i) receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts and (ii) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of the Court, whether such checks, drafts, wires, or

transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

7. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, on account of Critical Vendor Claims as set forth herein, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases.

8. Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, is intended to be or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors, (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

9. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

10. All objections to the entry of this Order are hereby overruled.

11. This Order shall take effect immediately.

12.     Notwithstanding anything to the contrary in this Order, any payment made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any debtor-in-possession financing and/or cash collateral order.


Dated:   _____, 2019.


_____
The Honorable Kimberley H. Tyson
United States Bankruptcy Judge

# Exhibit A

| Critical Vendor | | Amount Due |
|---|---|---|
| **Trade Creditor** | | |
| Cimarron Label, Inc. | | $2,866.09 |
| Stepan Co. | | $42,661.58 |
| | **Total** | **$45,527.67** |
| **Professional Services** | | |
| CT Corporation | | $2,163.00 |
| Pyxis Regulatory Consulting, Inc. | | $2,248.99 |
| Wagner Regulatory Associates, Inc. | | $4,037.73 |
| | **Total** | **$8,449.72** |
| **Common Carriers & Warehouses** | | |
| American Cartage Co. | | $500.00 |
| American Warehouse Co., Inc | | $1,792.55 |
| eShipping, LLC | | $4,264.52 |
| Helena Agri-Enterprises, LLC | | $2,400.00 |
| Helena Agri-Enterprises, LLC- R&D Department, WBU | | $3,000.00 |
| Helena Industries, LLC | | $360.00 |
| Hughes Shipping, Inc. | | $175.00 |
| Landstar Ranger, Inc. | | $6,050.00 |
| Outsource Logistics, LLC | | $1,011.42 |
| Tri-Rinse, Inc. | | $888.00 |
| YourFreightRate.com | | $91.20 |
| | **Total** | **$20,532.69** |
| **Regulatory & Taxing Authorities** | | |
| Ag Container Recycling Council | | $10,669.50 |
| Indiana State Chemist & Seed Commissioner | | $170.00 |
| Minnesota Department of Agriculture | | $400.00 |
| Missouri Department of Revenue | | $62.34 |
| Rhode Island Department of Environmental Management | | $1,040.00 |
| State of Oregon | | $100.00 |
| United States Customs & Border | | $250.00 |
| | **Total** | **$12,691.84** |
| | **GRAND TOTAL** | **$87,201.92** |

19044623